[Cite as *State v. Huber*, 2011-Ohio-6175.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO                    :
                                 :     Appellate Case No. 2010-CA-83
          Plaintiff-Appellee     :
                                 :     Trial Court Case No. 07-CR-674
v.                               :
                                 :     (Criminal Appeal from
JOSEPH W. HUBER, JR.             :      Common Pleas Court)
                                 :
          Defendant-Appellant    :                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2011.

. . . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
          Attorney for Plaintiff-Appellee


WILLIAM O. CASS, JR., Atty. Reg. #0035417, 135 West Dorothy Lane, Suite 209, Dayton, Ohio 45429
          Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Joseph Huber was caught with a suitcase brimming with pharmaceutical drugs–methadone, hydrocodone, oxycodone, fentanyl, and acetaminophen with codeine. He was indicted on five counts of aggravated possession of drugs–one count for each drug–but, before

trial, the state dismissed the fentanyl-possession count because the indictment misidentified the drug. A jury found Huber guilty on the four remaining counts. A month or so later, the state reindicted Huber on one count of aggravated possession of fentanyl, and a jury found him guilty. The jury further found that Huber possessed enough fentanyl to make the offense a second-degree felony. On April 3, 2009, this Court affirmed the convictions in both cases. See *State v. Huber*, Clark App. No. 07-CA-88, 2009-Ohio-1636, and *State v. Huber*, Clark App. No. 07-CA-122, 2009-Ohio-1637.

{¶ 2} A couple months later, Huber applied to reopen the direct appeal of his fentanyl-possession conviction on sufficiency-of-the-evidence grounds, and this Court agreed to consider the sufficiency issue. Our court held that the evidence was not sufficient to prove that Huber possessed the requisite "bulk amount" of fentanyl, under R.C. 2925.11(C)(1)(c), to support a second-degree felony conviction. See *State v. Huber*, 187 Ohio App.3d 697, 2010-Ohio-2919. But, the decision recognized that the evidence was sufficient to prove that the defendant possessed "some" amount, which was sufficient to support a fifth-degree conviction, under R.C. 2925.11(C)(1)(a). Huber's conviction was reversed and remanded, with instructions for the trial court to enter a finding of guilt for fifth-degree aggravated-drug-possession and to sentence Huber accordingly, both of which the trial court did.

{¶ 3} Huber appealed his re-conviction and sentencing.

{¶ 4} Huber assigns two errors. He alleges first that aggravated possession of fentanyl and the four other aggravated possession offenses that he was convicted of in the first trial are allied offenses of similar import. And second Huber alleges that re-indicting him

violated his constitutional right to be free from double jeopardy. We will deal with the double jeopardy argument first.

**{¶ 5}** When this court reopened Huber's appeal, that review was expressly limited to whether the evidence was sufficient to establish that he possessed the necessary "bulk amount" of fentanyl to support a second-degree felony conviction for aggravated drug-possession. See App.R. 26(B)(7) (providing that "the court may limit its review to those assignments of error and arguments not previously considered"). The court indicated that aggravated possession of fentanyl is separate from any of the other four aggravated possession offenses, citing *State v. Duke* (Feb. 8, 1995), Montgomery App. No. 14404 ("Simultaneous possession (or any other prohibited act) of more than one Schedule II controlled substance constitutes more than one offense."), and *State v. Pitts* (Nov. 7, 2000), Scioto App. No. 99 CA 2675 (concluding that the trial court did not err in imposing separate prison sentences for trafficking in two different schedule IV drugs). The scope of the remand was very narrow, and the issue of double jeopardy that Huber raises here exceeds it. Therefore the double jeopardy argument is beyond the scope of our review. See *State v. Gillard*, 78 Ohio St.3d 548, 549, 1997-Ohio-183 (rejecting defendant's challenges to his convictions and sentence, in part, because they were beyond the scope of the Court's remand). Moreover, this is an issue Huber could have raised in his previous appeal and therefore the doctrine of res judicata prevents us from considering it now.

**{¶ 6}** Huber's first assignment of error asserts that his conviction for possession of fentanyl merges with the other drug possession charges because all the drugs were found in the same suitcase and the offenses constitute a single act with a single intent. Ordinarily, the

merger issue would also be beyond the scope of our review and barred by res judicata. Nevertheless, the remand was on June 25, 2010 and the defendant's resentencing was July 29, 2010. At the resentencing, Huber specifically raised the merger issue. This is the direct appeal of the resentencing. Additionally, on December 29, 2010, the Ohio Supreme Court decided *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, which transformed the manner used to evaluate merger of offenses. In *Nolan v. Nolan*, (1984), 11 Ohio St.3d 1, when dealing with the related law-of-the-case doctrine, the Supreme Court explained that the law of the case applied "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court * * * *" Likewise in this case, given that the defendant raised the merger issue at his sentencing below, and in light of the intervening decision in *Johnson*, we do not believe res judicata bars consideration of the merger issue.

{¶ 7} Nevertheless, Huber is not entitled to the merger of his convictions he requests. Huber's convictions in his first trial, which was the subject of our review in *State v. Huber*, Clark App. No. 07CA88, 2009-Ohio-1636, involved his possession of the drugs methadone, hydrocodene, oxycodeine, and acetaminophen with codeine. Huber's conviction in the second trial involved his possession of fentanyl. Each results in a violation of R.C. 2925.11. However, the fact each violation of R.C. 2925.11 requires proof of the identity of a different drug that was possessed demonstrates "that the legislature intended the possession of the different drug groups to constitute different offenses." *State v. Delfino* (1986), 22 Ohio St.3d 270, 274.

{¶ 8} More recently in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Supreme Court reiterated that, for purposes of the merger of allied offenses that R.C. 2941.25

requires, "a person may be punished for multiple offenses arising from a single criminal act without violating the Double Jeopardy Clauses of the United States and Ohio Constitutions, so long as the General Assembly intended cumulative punishment. * * * Thus, the lodestar for allied offenses is whether the 'legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes.' " Id. at ¶25.

{¶ 9} On the basis of the holdings in *Delfino and Johnson*, we find that Huber is not entitled to merger of his R.C. 2925.11(C)(1)(a) conviction arising from his second trial with his convictions arising from his first trial.

{¶ 10} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FAIN, J., concur.


Copies mailed to:

Andrew R. Picek
William O. Cass, Jr.
Hon. Richard P. Carey