[Cite as *State v. Huber*, **2012-Ohio-6044.**]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                                    :

      Plaintiff-Appellee                          :    C.A. CASE NO.    2010 CA 100

v.                                                                     :    T.C. NO.    06CR509

JOSEPH W. HUBER                                   :      (Criminal appeal from
                                    Common Pleas Court)

      Defendant-Appellant                        :

                                                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   21st   day of    December   , 2012.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

JOSEPH W. HUBER, A518-135, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

      **{¶ 1}**    Defendant-appellant Joseph W. Huber, pro se, appeals a judgment of the

Clark County Court of Common Pleas wherein the trial court held a re-sentencing hearing on September 22, 2010, in order to correct an incorrect imposition of post-release control which occurred on August 1, 2007. Huber filed a timely notice of appeal with this Court on October 13, 2010.

{¶ 2} We set forth the history of the case in *State v.Huber*, 2d Dist. Montgomery No. 2007-CA-88, 2009-Ohio-1636, and repeat it herein in pertinent part:

{¶ 3} "On March 7, 2006, Joseph W. Huber (Appellant) was caught with a suitcase chock-full of thousands of narcotic pain-reliever and analgesic tablets–methadone, hydrocodone, oxycodone, fentanyl patches, and acetaminophen with codeine. He was convicted on five counts of controlled substance possession in back-to-back trials (Huber I, No. 06-CR-509, and Huber II, No. 06-CR-674). The prosecutor's misidentification of the fentanyl patches in the original indictment required the state to reindict Mr. Huber, prompting the second trial three months later. The two trials spawned two appeals (this one and *State v. Huber*, Clark App. No. 07-CA-122), which we declined to consolidate." On April 3, 2009, we affirmed Huber's conviction and sentence in Case No. 06-CR-509. 2d Dist. Montgomery No. 2007-CA-88, 2009-Ohio-1636.

{¶ 4} On February 17, 2010, Huber filed a pro se "Motion to Correct Void Sentence in Accordance with O.R.C. § 2929.191 in Case No. 06-CR-509 only. On September 22, 2010, the trial court held a re-sentencing hearing wherein it re-sentenced Huber modifying only his post release control.

{¶ 5} It is from this judgment that Huber now appeals.

{¶ 6} Huber first assignment of error is as follows:

{¶ 7} "APPELLANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAW UNDER THE 1ST, 6TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED STATES AND THE STATE OF OHIO'S CONSTITUTIONS WHERE (1) THE TRIAL COURT VIOLATED THE DOCTRINE OF STARE DECISIS, (2) FOR SENTENCING APPELLANT FOR AGGRAVATED DRUG POSSESSION WHICH WAS AN ALLIED OFFENSE WITH THE CONVICTIONS IN CASE NUMBER 2006-CR-509."

{¶ 8} In his first assignment, Huber seemingly contends that his conviction for aggravated drug possession in Case No. 06-CR-674, regarding the fentanyl, is an allied offense with the other drug possession offenses he was convicted of in 06-CR-509. We, however, have previously analyzed and decided the same issue in *State v. Huber*, 2d Dist. Montgomery No. 2010-CA-83, 2011-Ohio-6175, wherein we held that none of Huber's drug possession convictions in Case Nos. 06-CR-674 and 06-CR-509 were allied offenses of similar import and therefore, did not merge. *Id.* at ¶ 9.

{¶ 9} Huber's first assignment of error is overruled.

{¶ 10} Huber's second and final assignment of error is as follows:

{¶ 11} "THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT WAS VIOLATED WHEN THE APPELLEE BROUGHT TO TRIAL CHARGES THAT HAD BEEN PREVIOUSLY DISMISSED.

{¶ 12} In his second and final assignment, Huber argues that his conviction for aggravated possession of fentanyl in Case No. 06-CR-674 is barred by double jeopardy because the charge was originally dismissed in Case No. 06-CR-509 after the jury was sworn in and he was re-indicted. We note that Huber previously raised this argument as an assignment of error in a prior appeal involving Case No. 06-CR-674 already decided by this

Court. *State v. Huber*, 2d Dist. Montgomery No. 2010-CA-83, 2011-Ohio-6175. In addressing his argument, we stated as follows:

{¶ 13} "When this court reopened Huber's appeal, that review was expressly limited to whether the evidence was sufficient to establish that he possessed the necessary 'bulk amount' of fentanyl to support a second-degree felony conviction for aggravated drug-possession. See App.R. 26(B)(7) (providing that 'the court may limit its review to those assignments of error and arguments not previously considered'). The court indicated that aggravated possession of fentanyl is separate from any of the other four aggravated possession offenses, citing *State v. Duke* (Feb. 8, 1995), Montgomery App. No. 14404 ('Simultaneous possession (or any other prohibited act) of more than one Schedule II controlled substance constitutes more than one offense.'), and *State v. Pitts* (Nov. 7, 2000), Scioto App. No. 99 CA 2675 (concluding that the trial court did not err in imposing separate prison sentences for trafficking in two different schedule IV drugs). The scope of the remand was very narrow, and the issue of double jeopardy that Huber raises here exceeds it. Therefore the double jeopardy argument is beyond the scope of our review. See *State v. Gillard*, 78 Ohio St.3d 548, 549, 1997-Ohio-183 (rejecting defendant's challenges to his convictions and sentence, in part, because they were beyond the scope of the Court's remand). *Moreover, this is an issue Huber could have raised in his previous appeal and therefore the doctrine of res judicata prevents us from considering it now*." *Id*. at ¶ 5.

{¶ 14} Furthermore, the double jeopardy argument is beyond the scope of our review in the current appeal in Case No. 06-CR-509, which is limited to the issue of the imposition of post release control at re-sentencing.

{¶ 15}   Accordingly, Huber's second assignment of error is barred by res judicata and therefore, overruled.

{¶ 16}   All of Huber's assignments having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Lisa M. Fannin
Joseph W. Huber
Hon. Richard J. O'Neill